**299·15**

ORIGINAL

NO. 05-13-00218-CR

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS
AT Dallas

Darren Dwyone Green,
Appellant

v.

THE State of TEXAS
Appellee

On Appeal from the Criminal District
Court NO. 4 of Dallas County, Texas
IN Cause NO. F11-62506-K

Petition for Discretionary Review

Darren Dwyone Green
TDCJ # 01840431
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

## List of Parties

Appellant

Darren Dwyane Green

Appellee

The State of Texas

Defense Counsel at trial

Brenda Vonjoe
4144 North Central Expressway
Suite 650
Dallas, Texas 75204

State's Attorney At Trial

Shawnkeedra Houston-Martin, Shequitta Kelly
Dallas County District Attorney's office
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

Appellant's Appeal

Darren D. Green

State's Attorney on Appeal

Susan Hawkins (or her designated representative)
Dallas County District Attorney's office
Frank Crowley Courts Building
133 N. Riverfront Blvd., LB-19
Dallas, Texas 75207-4399

MEMORANDUM OPINION
Signed By
Justices Lang, Brown,
and Whitehill
OPINION By Justice Brown


THE Court of Appeals
FIFTH District of Texas at
Dallas.


Petition for discretionary review
Filed with the Court of
CRIMinal Appeals, Supreme Court Building.
P.O. Box 12308, Austin, Texas 78711

# TABLE of Contents

INDex of AuthoRites

Statement of the Case         iv

Issue Presented         1

    The evidence was Insufficient to support the conviction for continuous sexual Abuse because the state failed to prove that during a period that was thirty days or more In duration, Appellant committed two or more acts of sexual abuse and Jury was denined evidence.         1

Statement of facts         2

SummARy of ARGument         2

ARGument         3+4

PRAYeR         5

Police Report         with

# INDEX of Authorities

Cases

Hooper v. State,
214 s.w. 3c9 (Tex. Crim App. 2007)


Statutes

Tex. Penal Code Ann. § 21.02.

TO The Honorable Court of Appeals
Comes Now Appellant, Darren Dwyone Green,
and Submits this petition for Discretionary
Review on Appeal from a conviction in
the Criminal District Court No. 4 of
Dallas County Texas, The Honorable
Dominique Collins, presiding.

## STATEMENT of the Case

Appellant was charged by indictment with
intentionally and Knowingly, during a period that
was thirty or more days in duration, committing
two or more acts of sexual abuse against
a child younger than fourteen in violation
of Tex. Penal Code Ann. § 21.02. (CR:13).
After a jury trial, the jury entered a guilty
verdict. (CR:82). After a hearing on punishment,
the jury assessed punishment at forty
years' confinement. (CR:89) The Appeal
Timely followed (CR:98)

## ISSUE Presented

### Point of Error

The evidence was insufficient to support the
conviction Continuous Sexul abuse because
the State failed to prove that curing a period that
was thirty day or more in duration, Appellant committed
two or more acts of sexual Abuse and Appellant
didn't give an open plea of guilty.

1

## SUMMary of ARGuMent

The evidence is insufficient to support the Conviction because a Jury could not have reasonably Inferred that the Alleged acts of sexual abuse occurred during a period of thirty day or more. In duration.

# AARGUMENT

In your MEMORANDUM OPINION It say's that Appellant entered an open plea of guilty. But thats not true I plead not guilty and choose to go to JURY TRial.

I Also Challenged the sufficiency of the evidence, but this is what My Appeal Lawyer chose to write even after I gave her My points of error.

The Court state that J.F. described at least five occasions on which sexual abuse against her was committed but if the Courts would read the enclosed Police report she told the Forensic Interviewer that three of those occasions happened the same night, and J.F. say that was the night before I went to Jail 11-28-2011 that was Just 3 days After thanksgiving.

Also as in the Brief filed by My Appeal Attorney, J.F. was unequivocal that the surposed Incidents of abuse occurred after she and her family moved next door. My trial attorney hired a investigator that the court payed $1500 why didn't

3

he or the state Investigator just go get the lease from the Apartments? That was something that was kept from the Jury same as the medical exam that showed there was nothing out of place on J.F., which if a 282lb man put his hand inside and force his hand in a eleven year old girl then there should have been, but the Jury was told there was no medical edvidence. AS stated in my Appeal brief Juries are not permitted to draw conclusions based on speculation. but without seeing the medical record or the video that J.F. made to the forensic Interview how could they find beyond a reasonable doubt? If the Jury was presented all the edvidence they may have know something other then hearsay and Speculation, which is prohibited. Hooper v. State. 214 s.w. 3d9 (Tex. Crim App. 2007)

4

Construed in the light most favorable to the verdict, the testimony did not permit the jury to infer beyond a reasonable doubt.

## PRAYER

Wherefore, Premises Considered, Appellant prays that this Court will reverse the Judgement of the trial court and acquit the appellant

Respectfully submitted,

Darren Green
TDCS# 01840431
Allan B. Polonsky Unit
3872 FM 350 South
Livingston, TX 77351

5

# STATE OF TEXAS    A[FF]IDAVIT OF ARREST WARRANT    COUNTY OF DALLAS

BEFORE ME, the undersigned authority, on this day personally appeared the undersigned affiant who, after being duly sworn by me, on oath stated: My name is COREY FOREMAN _____ and I am a peace officer of the City of Dallas, Dallas County, Texas. I, the affiant, have good reason and do believe that on or about the 27 day of November _____, 2011, one (name of suspect) DARREN DWYONE GREEN _____ did then and there in the City of Dallas, Dallas County, Texas commit the offense of CONTINUOUS SEXUAL ABUSE OF A YOUNG CHILD _____, a violation of Section 21.02 _____ of the PENAL CODE _____, a FELONY 1

☐ Affiant's belief is based upon the following facts and information which Affiant received from:

☒ Affiant's personal investigation of this alleged offense.

## F – 1162506

_____, a fellow peace officer of the City of Dallas, Dallas County, Texas, who personally participated in the investigation of this alleged offense, providing information to Affiant, and whose information Affiant believes to be credible.

BASED UPON INFORMATION RECEIVED FROM THE COMPLAINANT JAICEONA FINLEY B/F/11 DOB:02/17/2000; IT IS BELIEVED THAT THE SUSPECT DARREN DWYONE GREEN B/M/41 DOB:05/08/70; COMMITTED THE OFFENSE OF CONTINUOUS SEXUAL ABUSE F/1 PENAL CODE 21.02, BETWEEN THE DATES OF JUNE 1, 2011 AND NOVEMBER 27, 2011 AT 10850 WALNUT HILL LN #111 DALLAS, DALLAS COUNTY, TEXAS AGAINST THE COMPLAINANT.

THE FACTS OF THIS CASE ARE AS FOLLOWS:
ON NOVEMBER 28, 2011 REPORTING OFFICERS DISPATCHED TO THE RESIDENCE OF THE COMPLAINANT REGARDING HER BEING SEXUALLY ASSAULTED BY THE SUSPECT, WHO IS HER COUSIN. OFFICERS MET WITH REPORTING PERSON KITTIRATH, WHO IS THE COMPLAINANT'S MOTHER WHO STATED THAT SHE WAS LOOKING AT THE TEXT MESSAGES ON THE COMPLAINANT'S PHONE, WHEN SHE OBSERVED A TEXT SENT BY THE COMPLAINANT TO A JUVENILE FRIEND, WHICH STATED "SHE HAD BEEN RAPED BY HER COUSIN", REFERRING TO THE SUSPECT.

AFTER INTERVIEWING THE REPORTING PERSON, THE COMPLAINANT WAS TAKEN TO THE DALLAS CHILDREN'S ADVOCACY CENTER, WHERE SHE WAS GIVEN A FORENSIC INTERVIEW. DURING THE INTERVIEW, THE COMPLAINANT EXPLAINED THAT ON THE PREVIOUS NIGHT AFTER SHE HAD TAKEN SHOWER, THE SUSPECT CAME OVER TO HER HOUSE AND PLAYED WITH HER LITTLE BROTHER. WHILE SHE WAS IN THE BED WITH HER LITTLE BROTHER, THE SUSPECT KNELT DOWN ON HIS KNEES NEXT TO THE BED, PLACED ONE HAND OVER HER BROTHER'S FACE, AND PLACED HIS OTHER HAND UNDER THE COVERS, LATER PLACING IT INSIDE OF HER PANTIES WHERE HE STUCK HIS FINGER INSIDE OF HER VAGINA. SHE STATED THAT HER MOTHER WAS IN HER BEDROOM AT THE TIME OF THE INCIDENT. SHE WENT ON TO SAY THAT LATER ON IN THE EVENING, WHILE SHE WAS CLEANING THE KITCHEN, THE SUSPECT APPROACHED HER, PUT HER UP AGAINST THE WALL AND FORCED HIS HAND INSIDE OF HER PANTIES.

**********************NARRATIVE CONTINUED NEXT PAGE************************

DURING THE INTERVIEW WHEN ASKED ABOUT THE FIRST TIME THE SUSPECT HAD DONE ANYTHING TO HER, SHE STATED THAT IT STARTED IN THE MONTH OF JUNE OF THIS YEAR, BEFORE SCHOOL STARTED. SHE STATED THAT IT STARTED OUT WITH HIM TELLING HER HOW BEAUTIFUL SHE WAS AND STARTED TOUCHING HER. SHE SAID SHE THOUGH IT WAS WEIRD. SHE WENT ON TO EXPLAIN THAT SHE WENT TO THE SUSPECT'S APARTMENT TO GET SOMETHING TO EAT, WHEN HE TOLD HER TO GO INTO THE LIVING ROOM AND WATCH TELEVISION WHILE HE COOKED. AT SOME POINT, THE SUSPECT WENT INTO THE LIVING ROOM WHERE SHE WAS, AND TOLD HER TO LAY DOWN ON THE COUCH. WHEN SHE SAID NO, HE FORCED HER ON TO THE COUCH AND TRIED TO KISS HER. WHEN SHE SAID "NO", HE FORCED HER TO KISS HIM ON THE CHEEK. AT SOME POINT, THE SUSPECT RUBBED HER ON HER STOMACH, PULLED HER PANTS DOWN AND STARTED TO FONDLE HER VAGINA FROM THE OUTSIDE OF HER PANTIES WITH HIS HAND. THE SUSPECT STOPPED WHEN THE COMPLAINANT'S SIBLINGS CAME INTO THE APARTMENT TO EAT. THE COMPLAINANT EXPLAINED THAT THE SUSPECT HAD BEEN FONDLING HER FOR SEVERAL MONTHS. AFTER EACH INCIDENT, HE WOULD APOLOGIZE AND TELL HER NOT TO TELL. THE COMPLAINANT WAS AN ELEVEN YEAR OLD CHILD AT THE TIME OF THIS OFFENSE.

_____
AFFIANT

SUBSCRIBED AND SWORN TO BEFORE on the

NOV 3 0 2011

____day of_____ 20___

WHEREFORE, Affiant requests that an arrest warrant be issued for the above accused individual in accordance with the law.

_____
MAGISTRATE, IN AND FOR DALLAS COUNTY, TEXAS

MAGISTRATE'S DETERMINATION OF PROBABLE CAUSE

On this the _____ day of _____ 20___
NOV 3 0 2011

I hereby acknowledge that I have examined the foregoing affidavit and have determined that probable cause exists for the issuance of an arrest warrant for the individual accused therein.

_____
MAGISTRATE, IN AND FOR DALLAS COUNTY, TEXAS

AFFIRM; and Opinion Filed February 25, 2015.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00218-CR

### DARREN DWYONE GREEN, Appellant
### V.
### THE STATE OF TEXAS, Appellee

## On Appeal from the Criminal District Court No. 4
## Dallas County, Texas
## Trial Court Cause No. F11-62506-K

## MEMORANDUM OPINION

Before Justices Lang, Brown, and Whitehill
Opinion by Justice Brown

Darren Dwyone Green appeals his conviction for the offense of continuous sexual abuse of a child. In a single issue, appellant contends the evidence is insufficient to support the conviction because the State failed to prove he committed the sexual acts in a period of thirty days or more. We affirm the trial court's judgment.

Appellant was indicted for intentionally or knowingly, during a period that was thirty days or more in duration, committing two or more acts of sexual abuse against J.F., a child younger than 14 years of age, by penetration of the female sexual organ by appellant's finger and by contact between appellant's hand and J.F.'s genitals, with the intent to arouse and gratify appellant's sexual desire. *See* TEX. PENAL CODE ANN. § 21.02(a) (West Supp. 2014). Appellant entered an open plea of guilty. A jury found appellant guilty and assessed his punishment at forty years' confinement.

In a single point of error, appellant contends the evidence is insufficient to support his conviction. Appellant does not challenge the sufficiency of the evidence to show he committed two or more acts of sexual abuse. His challenge is limited to whether the evidence is sufficient to show the acts were committed during a period of thirty days or more.

When reviewing the sufficiency of the evidence, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on that evidence and the reasonable inferences therefrom, a jury was rationally justified in finding guilt beyond a reasonable doubt. *Temple v. State*, 390 S.W.3d 341, 360 (Tex. Crim. App. 2013); *see Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979). The jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Temple*, 390 S.W.3d at 360. The testimony of a child victim alone is sufficient to support a conviction for continuous sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07 (West Supp. 2014); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).

At the time of trial in February 2013, J.F. was twelve years' old and about two weeks away from her thirteenth birthday. She testified that appellant was her father's cousin and she had a "family like" relationship with him. For a few months, J.F., her mom, and her siblings lived in an apartment with appellant and her uncle. They later moved out of that apartment into their own apartment next door. J.F. testified that, at some point, her relationship with appellant changed and he started doing bad things to her. J.F. described at least five occasions on which appellant committed acts of sexual abuse against her. We do not recount the details of the acts as they are familiar to the parties and not necessary to the disposition of this appeal.

J.F. testified that she was eleven at the time of the first act and all later acts. She said the first act happened toward the end of July or the beginning of August. J.F. testified the next act occurred "[m]aybe in August." J.F. described another act of sexual abuse that occurred at the

-2-

end of September or maybe in October. The next act occurred after Thanksgiving. J.F. described one more act, the last one, that also occurred when she was eleven, but she did not remember exactly when it happened. J.F.'s mother called the police after she read text messages on J.F.'s phone describing to a friend what had happened.

On cross-examination, defense counsel asked J.F. if the first incident occurred when her family was living with appellant or living in their own apartment. J.F. testified that they lived next door. Defense counsel asked if it was true that J.F. did not move next door until October and J.F. replied, "No." On redirect, J.F. testified that the first incident occurred before the school year started, sometime in July or August, and the last incident she remembered was in November. She stated she knew for sure the acts started before she went back to school and ended sometime in November.

J.F.'s mother testified that she moved in with appellant and her kids' uncle sometime in June and got her own place in October. A CPS worker testified that she interviewed J.F. on November 28, 2011.

Appellant testified and denied committing any acts of sexual abuse against J.F.

Appellant maintains the evidence is insufficient because J.F. was unequivocal that the abuse began after she moved out of appellant's apartment and her mother testified that the move occurred sometime in October. According to appellant, because J.F. testified that the last act was in November, sometime after Thanksgiving, a jury could not have concluded without speculation that the acts of sexual contact were committed over a period of thirty days or more. We disagree.

J.F. testified the first act of sexual abuse occurred in July or August and the last act she remembered occurred in November. This testimony alone is sufficient to prove appellant committed the acts of sexual abuse over a period of thirty days or more. While J.F.'s testimony that she lived next door to appellant when the abuse began was inconsistent with her mother's

—3—

testimony that they lived with appellant until October, the jury was free to resolve those inconsistencies in favor of the verdict. Viewing the evidence in the light most favorable to the verdict, we conclude the evidence is sufficient to support appellant's conviction. We overrule appellant's point of error.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
Tex. R. App. P. 47.

130218F.U05

—4—



# Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

DARREN DWYONE GREEN, Appellant

No. 05-13-00218-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 4, Dallas County, Texas
Trial Court Cause No. F11-62506-K.
Opinion delivered by Justice Brown. Justices
Lang and Whitehill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 25th day of February, 2015.

Darren Dwayne Green
T.DC3 # 01840431
Allan B. Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

NORTH HOUSTON TX 773

22 MAY 2015 PM 9 L



Court of Criminal Appeals
Supreme Court Building, P.O
P.O. Box 12308
Austin, Texas 78711